**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TONY T. WILLIAMS,                          )
                                           )
                    Petitioner,            )
                                           )
        v.                                 )            No. 4:20-cv-01451 SRC
                                           )
DALE GLASS,                                )
                                           )
                    Respondent.            )

## <u>Memorandum and Ordre</u>

This matter comes before the Court on petitioner Tony T. William's application for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons discussed below, the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 will be summarily dismissed.

### Background

At the time of filing this action, Williams was a Missouri State pretrial detainee, presently incarcerated at the St. Louis County Justice Center.  He was charged with felony murder in the second degree and armed criminal action.  *State of Missouri v. Williams*, No. 1922-CR03431-01 (22nd Judicial Cir., St. Louis City).[1]

The complaint in Williams's criminal action was filed on October 28, 2019.  It alleges that on January 18, 2018, Williams knowingly and intentionally, after deliberation, committed the murder of Reshauwn Haley by shooting him.[2]

---

[1] Williams's criminal case was reviewed on Missouri Case.net, Missouri's online case management system.  The Court takes judicial notice of these public records.  *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

[2] Williams was initially charged with murder in the first degree and armed criminal action.  He is currently charged with felony murder in the second degree and armed criminal action.  In his complaint, Williams asserts that he was charged in two criminal cases in the Circuit Court.  He cites to Case No. 1822-CR00329-01 as the prior case to his present Case No. 1922-CR03431-01. When the Court attempted to query the 2018 case, it could not be accessed on Missouri.Case.Net, most likely because it was subject to *nollo proseqi*, as stated by Williams.

A probable cause statement and warrant for William's arrest was issued on October 28, 2019, and the warrant indicated that no bond would be set.[3]  On October 30, 2019, Williams appeared for a detention hearing in front of the Honorable Clinton R. Wright.  Williams was represented by counsel at the detention hearing and entered a plea of not guilty.  Judge Wright set the matter for bond hearing with his counsel on November 6, 2019.

On November 6, 2019, after full hearing on the matter, the Honorable David A. Rothier made the determination that the initial bond determination should not be changed.  Judge Rothier noted that his decision was based on "the seriousness of the charge and the strength of the evidence against [petitioner]."  Judge Rothier further found Williams's home plan to be unacceptable.

Judge Rothier set Williams's next bond hearing on December 9, 2019.  However, on that date, the hearing on bond did not occur.  Williams's hearing was postponed due to the grand jury meeting to review the action.

On January 16, 2020, the grand jury indicted Williams. *State of Missouri v. Williams,* No. 1922-CR03431-01 (22nd Judicial Cir., St. Louis City). The indictment stated that Williams committed felony murder in the second degree on January 18, 2018, when he shot and killed Rayshaun Haley during an attempted robbery. Williams was also again charged with armed criminal action.  Once again, no bond was allowed for Williams at the time the indictment was filed.  The indictment was signed by the Honorable Rex Burlison.  On February 24, 2020, Williams waived formal reading of the indictment and waived his formal arraignment. *Id.*

On March 5, 2020, Williams, through counsel, moved for bond reduction.  Counsel asserted that due to his age of nineteen, the fact that he had been attending high school prior to his incarceration, as well as his ability to hold down prior work, and his prior home with his mother

---

[3]There is a notation on Williams's arrest warrant indicating that his original arrest occurred on January 18, 2019. It states that his charges were "nolled and rebooked." [sic]

and step-father, he was not a flight risk and should be allowed some bond in his case.  Counsel also asserted that Williams was indigent, and bond should be given at a substantial reduction in cost.

Before a hearing could be scheduled on Williams's motion for bond, the COVID-19 Pandemic occurred.  On March 17, 2020, the Circuit Court issued a Standing Order suspending all in-person hearings in the Circuit Court unless there were emergency circumstances.  The Standing Order closed the Circuit Court to in-person hearings through April 6, 2020.  Williams's case was continued a second time due to the COVID-19 Pandemic on April 6, 2020.  The Court was again closed to in-person hearings through May 8, 2020.  On May 15, 2020, the Court entered a separate Order *sua sponte* continuing Williams's case until June 16, 2020.  *Id.*

On June 10, 2020, Williams's counsel filed three motions in his criminal action: a motion for speedy trial; a notice that Williams was going to call his prior filed motion for bond reduction up for hearing on June 16, 2020; and a motion to dismiss the indictment for violation of Williams's speedy trial rights.  *Id.*  On June 18, 2020, the Court held the hearing via videoconference on Williams's motion for bond and his motion to dismiss the indictment based on his speedy trial rights. After arguments from Williams's counsel and the Circuit Attorney, the Court denied Williams's motion for bond as well as his motion to dismiss the indictment based on his speedy trial rights. *Id.*

On July 10, 2020, Williams, representing himself pro se, filed a "petition for writ of habeas corpus," seeking release from custody on bond while awaiting trial.  On August 17, 2020, Williams filed a pro se "petition for writ of mandamus," seeking to dismiss the indictment against him.[4] Williams asserts that he has been unlawfully denied bond in his criminal action, and he asserts that

---

[4]The docket on Missouri.Case.Net shows that Williams filed two motions for writ of mandamus, on August 17, 2020 and August 18, 2020.  Review of these documents show that they are substantially the same.

the Court has violated his speedy trial rights.  There is no indication that the Circuit Court ruled on these motions.  However, on July 20, 2020, Williams filed a pro se application for writ of habeas corpus in the Supreme Court of Missouri seeking "release from custody" on the grounds that his "right to bond is being violated" in Case No. 1922-CR03431-01.  *Williams v. State*, No. SC98636 (Mo. 2020).  The Supreme Court of Missouri denied Williams's application for writ of habeas corpus relating to his bond issues on July 22, 2020.  *Id.*

On August 17, 2020, Williams filed an application for writ of mandamus in the Supreme Court of Missouri asserting his "rights to a speedy trial and due process of law has been violated in his state criminal matter" in Case No. 1922-CR03431-01.  *Williams v. State*, No. SC98679 (Mo. 2020).  The Supreme Court of Missouri denied Williams's application for writ of mandamus relating to his speedy trial and due process issues on August 26, 2020.  *Id*.

On September 11, 2020, the Honorable Jason Mark Sengheiser ordered that Williams's criminal action be set for trial by jury on October 19, 2020.  On October 16, 2020, however, the Court continued the trial as a result of the State of Emergency issued by the Mayor of St. Louis on that same date, as well as a Standing Order issued by the Circuit Court as a result of the COVID-19 Pandemic.  The Circuit Court Order noted that the trial was supposed to have at least sixty (60) venirepersons available for jury selection for a five-day trial, and as a result of the pandemic, it was not reasonable to do so at that time.  Accordingly, Williams's trial was reset for December 15, 2020.  *Id.*  Unfortunately, due to COVID-19, the case was continued an additional two more times until St. Louis City Court reopened in March of 2021.

On March 15, 2021, Williams pleaded guilty in his criminal action to felony murder in the second degree and armed criminal action.  *State of Missouri v. Williams*, No. 1922-CR03431-01

(22nd Judicial Cir., St. Louis City).  He was sentenced to sixteen (16) years' of imprisonment in the Missouri Department of Corrections.

**Petition**

On October 6, 2020, Williams filed an application for habeas corpus brought pursuant to 28 U.S.C. § 2241.[5]  In his application for habeas relief, Williams asserts that he is entitled to release from confinement for several reasons: (1) his pretrial detention has violated his Fifth Amendment due process rights; and (2) his pretrial detention has violated his Eighth Amendment right against excessive bond and (3) his pretrial detention has also violated his speedy trial rights.  Williams filed a supplement to his writ of habeas corpus on January 11, 2021, seeking to add another ground to his petition.  He stated that on December 28, 2020, he was notified that he tested positive for COVID-19.  Williams also argues in his application for writ that it is unlawful to hold him in jail during a national pandemic.

Williams asserts that he was originally arrested on the date of the alleged occurrence, January 18, 2018.[6]  He alleges that on January 26, 2018, he was charged by Complaint with first degree murder and armed criminal action in *State v. Williams*, No. 1822-CR00329 (22nd Judicial Circuit, St. Louis City).  On April 15, 2018, he was charged by Indictment, and he was arraigned on April 18, 2018.  Williams was represented by counsel in that action.

Williams alleges that in his first criminal action, filed in 2018, he filed a pro se motion on June 18, 2018, requesting a speedy trial.  He claims that a "speedy trial before date" of December 15, 2018, was set by the Circuit Court.

---

[5] Williams filed a motion to proceed in forma pauperis in this action on October 29, 2020.  A review of his motion to proceed in forma pauperis indicates that he is indigent and entitled to waiver of the full $5 filing fee.
[6] *See* Williams's Exhibits to his Petition.  Fed.R.Civ.P.10(c).

Williams claims that despite his pro se motion for speedy trial, the trial setting on December 15, 2018 was continued to February 4, 2019, due to discovery being incomplete.  He claims that on January 23, 2019, his counsel asked for a change in the February 4, 2019, trial setting due to unavailability.  The new setting was March 18, 2019.  However, when the case was transferred to the trial division on March 7, 2019, it was set for multiple status conferences during which time the Circuit Attorney's Office attempted to come up with a plea offer.

Williams asserts that on June 18, 2019, he requested and was granted a "120-day" speedy trial motion during a detention hearing.  Williams states that a pre-trial conference was scheduled for October 17, 2019, and a jury trial was scheduled for October 28, 2019.  However, on the date of the trial, the Circuit Attorney once again requested a continuance.  The Court denied the request and at that time the Circuit Attorney's Office filed a *nolle prosequi* dismissing the charges against Williams.   On that same date the Circuit Attorney filed a new criminal Complaint charging Williams with Felony Murder in the First Degree and Armed Criminal Action in Case No. 1922-CR0343.

For relief, Williams seeks dismissal of the indictment pending in *State of Missouri v. Williams*, No. 1922-CR03431-01 (22nd Judicial Cir., St. Louis City) and "immediate release from custody."

**Discussion**

Williams seeks to have his state criminal charges dismissed due to an alleged violation of his right to a speedy trial under Missouri law and the Sixth Amendment.  He also complains that he has been denied bond in violation of the Eighth Amendment.  Williams additionally seeks release based on health and safety arguments pursuant to the current pandemic as a result of

COVID-19.  Lastly, he states his pretrial detention violates his Fifth Amendment rights.  For the reasons discussed below, the Court will summarily dismiss the petition.

### A.  Williams is No Longer A Pretrial Detainee

At the time Williams filed the instant action, he was a pretrial detainee awaiting trial before the St. Louis City Circuit Court.  For relief in this action, Williams sought dismissal of the indictment pending against him in *State of Missouri v. Williams*, No. 1922-CR03431-01 (22nd Judicial Cir., St. Louis City) and "immediate release from custody."

Upon  review  of  *State  of  Missouri  v.  Williams*,  No.  1922-CR03431-01  on Missouri.Case.Net, Williams plead guilty on March 15, 2021.  He was sentenced on that same date to sixteen (16) years' imprisonment in the Missouri Department of Corrections.  Accordingly, an action pursuant to 28 U.S.C. § 2241 is no longer appropriate.  That is, a person in custody pursuant to the judgment of a state court "can only obtain habeas relief through § 2254, no matter how his pleadings are styled."  *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle").  For this reason, the petition is subject to dismissal as moot.

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party . . . ."  The Supreme Court has concluded that "[t]he Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . our mootness jurisprudence . . . ." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000).  Mootness is jurisdictional.  *See Cole v. Oroville Union High Sch. Dist.,* 228 F.3d 1092, 1098 (9th Cir.2000).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Overland Park Fin. Corp.,* 236 F.3d 1246, 1254 (10th Cir. 2001) (internal quotation marks omitted).

Given the limited focus of typical pretrial-custody petitions under § 2241, such petitions become moot upon the conviction of the petitioner. *See Williams v. Slater*, 317 F. App'x 723 (10th Cir. Jun. 20, 2008) ("We conclude that [petitioner's] conviction and sentence have mooted his request for an order to show cause for his pretrial confinement.") (following *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."), and *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) ("Because [petitioner] is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot."); *Bridges v. Lawton*, No. 13-3701, 2014 WL 516460, at *2 (E.D. Pa. Feb. 7, 2014) (DuBois, J., approving and adopting report and recommendation of Sitarski, M.J.) (section 2241 pretrial petition dismissed as moot upon conviction and sentence); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *see also Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) (finding that claims for federal habeas relief for pretrial issues are mooted by petitioner's subsequent conviction).

Because this Court cannot grant Williams the relief he seeks in his petition, as he was sentenced on March 15, 2021, the Court must deny his § 2241 as moot.

**B.  Health Risk Due to Pandemic**

Williams asserts in a conclusory manner that being held in jail during a pandemic is a health risk.  The Court will address these contentions as Williams is presumably still incarcerated at this time.

There is nothing, per se, unconstitutional about being held in jail during a pandemic.  Both the Fourteenth Amendment and the Eighth Amendment forbids deliberate indifference to conditions posing "an unreasonable risk of serious damage . . . to future health."  *See Helling v. McKinney*, 509 U.S. 25, 35 (1993).  To that end, measures must be taken to contain the spread of infectious diseases.  *See DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990) (determining that continuing failure of prison officials to institute a system to prevent the spread of tuberculosis violated the Eighth Amendment).

Although Williams complains that hygiene products are scarce, he does not indicate what he believes hygiene products to be, whether this is N-95 masks and gloves or simply masks, which the CDC has indicated will help stop the spread of COVID-19.  Moreover, the Justice Center's instituting quarantine measures and providing masks to the inmates would serve as strong evidence that they are indeed attempting to institute a system to prevent the spread of COVID-19.  *See Cameron v. Bouchard*, 815 Fed. Appx. 978, 986 (6th Cir. 2020) (explaining that the quarantining of "any inmate exposed to COVID-19 is strong evidence that [defendants] are responding reasonably to the risk posed by the virus").[7]

---

[7]In his supplement to his application for writ, Williams states that he tested positive for COVID-19 in December of 2020. The Court sympathizes with him but recognizes that this alone does not constitute grounds for relief in this case. Although Williams states he tested positive for COVID-19, he does not indicate that he was not properly treated for the disease once he tested positive.

9

Nonetheless, if Williams believes his health and safety are at risk he should file a separate lawsuit pursuant to 42 U.S.C.§ 1983.  Conditions of confinement issues should be addressed under the Civil Rights Act, pursuant to 42 U.S.C. § 1983.

Nevertheless, Williams's claims do not constitute grounds for relief under § 2241, which provides, in relevant part, that a writ of habeas corpus shall not extend to a prisoner unless the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Williams's complaints regarding the COVID-19 Pandemic simply do not constitute allegations that he is being held illegally by the State of Missouri.  Therefore, these claims must be dismissed.

### C.  Summary dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  For the reasons discussed above, it plainly appears that Williams is not entitled to relief on his § 2241 petition.  Therefore, the petition will be summarily dismissed.

Accordingly, the Court grants [2] William's motion to allow printed petition to stand, [5] William's motion for leave to proceed in forma pauperis, and [7] William's motion to supplement his petition.  The Court denies and dismisses [1] William's application for writ of habeas corpus and [7] William's supplemental application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  The Court also denies [8] William's motion for summary judgment.  A separate

order of dismissal will be entered.  The Court further orders that a certificate of appealability will not be issued.

So Ordered this 17th day of March 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**